Filed 3/18/13  P. v. Soqui CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RYAN JOSEPH SOQUI,<br><br>    Defendant and Appellant. | 2d Crim. No. B241010<br>(Super. Ct. No. F440203)<br>(San Luis Obispo County) |

Appellant Ryan Joseph Soqui was charged with kidnapping during a carjacking (Pen. Code, § 209.5),[1] simple kidnapping (§ 207, subd. (a)), carjacking (§ 215) with use of a gun (§ 12022.5, subd. (a)), and two counts of robbery (§ 211).  A 2007 conviction was charged as a prior prison term enhancement.  (§ 667.5, subd. (b).)  In exchange for a negotiated 17-year sentence, appellant waived his trial rights and pled no contest to simple kidnapping, carjacking and one of the robbery counts, and admitted the gun use and prior prison term allegations.

In November 2009, appellant approached a Cal Poly foreign exchange student, who was in her car, and asked for directions to the nearest liquor store.  As the student started to give directions, appellant got into her car.  He produced a gun and

_____

**1** All statutory references are to the Penal Code.

asked for her cell phone and her tote bag. He took money from her bag and then directed her to drive, telling her where to go. He said, "Don't do anything stupid; I can kill you."

Complaining she was not going fast enough, appellant took over the driving. He drove to a bank and instructed the victim to withdraw money from an ATM. When the victim got out of the car, she ran into a nearby restaurant and notified the police.

Later that evening, a Grover Beach police officer spotted appellant driving the victim's car and attempted to stop him. Appellant managed to evade the officer, but later crashed into a fence and fled. Appellant's passenger told the police that appellant had been giving him a ride when the Grover Beach officer started pursuit. During the chase, appellant told him: "You better buckle up; I just highjacked this car."

When appellant negotiated and entered his plea, he was represented by attorney Ilan Funke-Bilu. Appellant subsequently replaced Mr. Funke-Bilu with attorney Joseph H. Lax, who had represented appellant during the preliminary hearing. Mr. Lax moved to withdraw appellant's plea, based on his belief that there were factors mitigating against a life sentence and that police had improperly withheld recorded interviews with the victim. Mr. Funke-Bilu disagreed about the mitigating factors and repeatedly told appellant that, if he went to trial, he likely would end up with a life sentence. Believing it would be "hopeless" to go to trial with that attorney, appellant accepted the plea agreement. The prosecution opposed the motion to withdraw.

At the evidentiary hearing, appellant testified he believed his attorney was only interested in negotiating a plea bargain and not in developing defenses for trial. When appellant said he wanted to go to trial, Mr. Funke-Bilu told him he would have to raise a substantial amount of money to pay the legal fees. Appellant claimed he "was beaten down emotionally and basically forced into and pressured into taking this plea bargain."

Mr. Funke-Bilu, an experienced criminal defense attorney, testified he had extensive discussions with appellant regarding the evidence, especially with respect to the kidnapping and carjacking offense carrying the potential indeterminate sentence. He told

2

appellant there was a very good chance that, if the case was tried, a jury would convict appellant of that offense and that the trial court would have no choice but to impose the indeterminate sentence. Based on these discussions, appellant encouraged him to negotiate a plea that would avoid the life sentence. Mr. Funke-Bilu stated that he never told appellant he would not try the case, and emphasized that attorney fees were irrelevant because he obtained a court appointment once appellant had exhausted his funds.

The trial court denied the motion to withdraw, concluding that the evidence against appellant was strong and that there were compelling reasons to try to achieve a plea bargain that would avoid the potential life sentence. The court, which also heard the preliminary hearing, remarked that "when [the victim] testified, it was quite chilling testimony. She was clearly traumatized. And I was wondering at the time how she was going to do in front of a jury because she was so upset and rightfully so." The court noted the prosecution and defense counsel had many discussions to try to structure an agreement that would provide sufficient punishment given the crimes, and concluded appellant had not demonstrated ineffective assistance of counsel. The trial court also expressed concern that appellant was trying to delay the case because the victim, a Chinese national, had left California and may be unwilling or unavailable to testify at trial.

Pursuant to the plea agreement, the trial court imposed a 17-year prison term, computed by giving appellant the nine-year upper term on the carjacking count, enhanced by a consecutive term of four years for the gun use allegation. A consecutive term of one year four months was imposed for the first degree robbery, and a consecutive term of one year eight months was imposed for the kidnapping. A one-year enhancement was imposed for the prior prison term. The court also imposed restitution fines of $10,000, as well as other mandatory fees. The court determined appellant's pre-sentence credits to be 999 days, with the conduct credits portion limited to 15 percent pursuant to

3

section 2933.1. Appellant filed a timely notice of appeal from the order denying his motion to withdraw the plea.**2**

We appointed counsel to represent appellant in this appeal. After examining the record, counsel filed an opening brief raising no issues and requesting that we independently examine the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

On September 14, 2012, we advised appellant in writing that he had 30 days within which to personally submit any contentions or issues he wished to raise on appeal. Appellant did not respond.

Having examined the entire record, we are satisfied that appointed counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

---

**2** The trial court stated on the record that it would grant appellant a certificate of probable cause, but appellant neglected to seek a certificate. Given the trial court's statement, we granted appellant's request for relief from default due to the failure to file a timely application for a certificate of probable cause and thus deem the notice of appeal to include a certificate.

John A. Trice, Judge

Superior Court County of San Luis Obispo

_____

California Appellate Project, Jonathan B. Steiner, Executive Director, Richard B. Lennon, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.